# IN THE DISTRICT COURT OF THE UNITED STATES
## for the Western District of New York

OCTOBER 2023 GRAND JURY
(Impaneled 10/27/2023)

| | |
|---|---|
| THE UNITED STATES OF AMERICA | INDICTMENT |
| -vs- | 25-CR- **25CR 031** |
| ANDRES J. PIZARRO CAMPOS a/k/a Kiki<br>(Counts 1-3)<br>MAX PIZARRO CAMPOS<br>(Counts 1-3)<br>CINDY S. FRANK<br>(Counts 1 and 4)<br>EDWARD E. LEEPER JR a/k/a Edward E Barnes Jr.<br>(Count 1) | Violations:<br>Title 21, United States Code, Sections 841(a)(1), 846, and 856(a)(1); and Title 18, United States Code, Sections 924(c)(1)(A)(i), 1503, and 2.<br><br>(4 Counts and 3 Forfeiture Allegations) |
| ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>LATIKA S. SAINTKITTS a/k/a Tika<br>(Count 1)<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>JAQUEZ L. THOMAS a/k/a Quez<br>(Count 1)<br>JOSEPH J. THAYER a/k/a Joey<br>(Count 1) | ORIGINAL<br>RECEIVED AND FILED<br>UNITED STATES DISTRICT COURT CLERK<br>WESTERN DISTRICT OF NEW YORK<br><br>FEB 18 2025<br><br>BY: _____ |

## COUNT 1

**(Narcotics Conspiracy)**

The Grand Jury Charges That:

Beginning in or before 2018, the exact date being unknown to the Grand Jury, and continuing until on or about May 26, 2022, in the Western District of New York, and elsewhere, the defendants, **ANDRES J. PIZARRO CAMPOS a/k/a Kiki; MAX**

PIZARRO CAMPOS; CINDY S. FRANK; EDWARD E. LEEPER JR a/k/a Edward E. Barnes Jr.; ███████ ███████ ███████; LATIKA S. SAINTKITTS a/k/a Tika; ███████ ████ ████ ████ ████ █████; JAQUEZ L. THOMAS a/k/a Quez; and JOSEPH J. THAYER a/k/a Joey, did knowingly and intentionally combine, conspire, and agree together and with Joseph S. Zaso and others, known and unknown to the Grand Jury, to commit the following offenses, that is:

    a.    to possess with intent to distribute, and to distribute:

        (i)    1 kilogram or more of a mixture and substance containing heroin, a Schedule I controlled substance; and

        (ii)    400 grams or more of a mixture and substance containing N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); and

    b.    to use and maintain a place for the purpose of manufacturing, distributing, and using heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 856(a)(1).

**All in violation of Title 21, United States Code, Section 846.**

## COUNT 2

(Using and Maintaining a Drug-Involved Premises)

**The Grand Jury Further Charges That:**

Beginning in or about October 2021, and continuing until on or about February 22, 2022, the exact dates being unknown to the Grand Jury, in the Western District of New York, the defendants, **ANDRES J. PIZARRO CAMPOS a/k/a Kiki** and **MAX PIZARRO CAMPOS**, did unlawfully and knowingly use and maintain a place, that is, the premises at

204 Hazzard Street, lower apartment, Jamestown, New York, for the purpose of manufacturing, distributing, and using heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance.

**All in violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.**

## COUNT 3

### (Possession of Firearm in Furtherance of Drug Trafficking)

### The Grand Jury Further Charges That:

Beginning in or about 2019, and continuing until in or about February 2022, in the Western District of New York, the defendants, **ANDRES J. PIZARRO CAMPOS a/k/a Kiki** and **MAX PIZARRO CAMPOS**, in furtherance of drug trafficking crimes for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), committed in the manner set forth in Count 1 of this Indictment, and a violation of Title 21, United States Code, Section 856(a)(1), committed in the manner set forth in Count 2 of this Indictment, the allegations of which are incorporated herein by reference, did knowingly and unlawfully possess a firearm.

**All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.**

## COUNT 4

### (Obstruction Of Justice)

### The Grand Jury Further Charges That:

On or about July 26, 2023, in the Western District of New York, the defendant, **CINDY S. FRANK**, did corruptly influence, obstruct, and impede, and endeavor to influence, obstruct, and impede, the due administration of justice in an investigation being

3

conducted by a grand jury in the Western District of New York, by testifying falsely and evasively, and concealing information regarding (i) her knowledge of Joseph S. Zaso's drug trafficking activities; (ii) her personal dealings with Joseph S. Zaso concerning drugs; and (iii) her observations and conversations with Joseph S. Zaso concerning drugs.

**All in violation of Title 18, United States Code, Section 1503.**

### FIRST FORFEITURE ALLEGATION

### The Grand Jury Alleges That:

Upon conviction of Count 1 of this Indictment, the defendants, **ANDRES J. PIZARRO CAMPOS a/k/a Kiki, MAX PIZARRO CAMPOS, EDWARD E LEEPER JR a/k/a Edward E Barnes Jr., LATIKA S. SAINTKITTS a/k/a Tika**, ███████████ ███████████ **JOSPEH J. THAYER a/k/a Joey,** and **JAQUEZ L. THOMAS a/k/a Quez**, shall forfeit to the United States, all their right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violation and/or any and all property used, and intended to be used, in any manner or part, to commit or to facilitate the commission of said violation, including but not limited to:

**MONETARY JUDGMENT:**

    A monetary judgment in the amount of three hundred thousand dollars ($300,000) United States currency or an amount to be determined by the Court, equal to the total amount of proceeds obtained as a result of the offense for which the defendants are charged, evidenced by a forfeiture money judgment issued by the Court.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence,

    (b)    has been transferred or sold to, or deposited with, a third person,

(c) has been placed beyond the jurisdiction of the Court,

(d) has been substantially diminished in value, or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

**All pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p).**

## SECOND FORFEITURE ALLEGATION

### The Grand Jury Further Alleges That:

Upon conviction of Counts 1 and/or 2 of this Indictment, the defendants, **ANDRES J. PIZARRO CAMPOS a/k/a Kiki** and **MAX PIZARRO CAMPOS**, shall forfeit to the United States, all their right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and/or any and all property used, and intended to be used, in any manner or part, to commit or to facilitate the commission of said violations, including but not limited to:

**MONETARY JUDGMENT:**

A monetary judgment in an amount to be determined by the Court, equal to the total amount of proceeds obtained as a result of the offenses for which the defendants are charged, evidenced by a forfeiture money judgment issued by the Court.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence,

(b) has been transferred or sold to, or deposited with, a third person,

(c)    has been placed beyond the jurisdiction of the Court,

(d)    has been substantially diminished in value, or

(e)    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

**All pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p).**

## THIRD FORFEITURE ALLEGATION

### The Grand Jury Further Alleges That:

Upon conviction of Count 1 of this Indictment, the defendant, **JAQUEZ L. THOMAS a/k/a Quez**, shall forfeit to the United States, all his right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and/or any and all property used, and intended to be used, in any manner or part, to commit or to facilitate the commission of said violations, including but not limited to:

**MONETARY JUDGMENT:**

    A monetary judgment in an amount to be determined by the Court, equal to the total amount of proceeds obtained as a result of the offenses for which the defendant is charged, evidenced by a forfeiture money judgment issued by the Court.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence,

(b)    has been transferred or sold to, or deposited with, a third person,

(c) has been placed beyond the jurisdiction of the Court,

(d) has been substantially diminished in value, or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

**All pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p).**

DATED: Buffalo, New York, February 18, 2025.

                            JOEL LOUIS VIOLANTI
                            Acting United States Attorney

BY:   S/JOSHUA A. VIOLANTI
        JOSHUA A. VIOLANTI
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        716/843-5864
        Joshua.Violanti@usdoj.gov

A TRUE BILL:

S/FOREPERSON
FOREPERSON