IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

            v.                                            25-CR-31-JLS(MJR)

ANDRES J. PIZARRO CAMPOS a/k/a Kiki, et al.,

                         Defendants.

## PROTECTIVE ORDER

As part of discovery in this action, the government is providing to counsel of record for the Defendant (hereinafter referred to as "Defense Counsel"), "Protected Discovery Material Category 1" which are defined as certain redacted Jencks materials, witness statements, search warrant affidavits, certain police reports, and "Protected Discovery Material Category 2" which are defined as agency/police reports, recordings, certain cellphone records, certain financial records, certain Facebook account records pertaining to communications with associates, co-conspirators, and potential witnesses, and search warrants relevant to the charges in the Indictment.[1]  The government will also provide items that are not protected which include, but are not limited to, the defendant's own statements,

---

[1] These are general descriptions of discovery materials encompassed within the Protected Discovery Materials.  As detailed below, the government will be labeling Protected Discovery Material and designating the category of the protected material.  The failure by the government to designate any materials as Protected Discovery Materials, upon disclosure shall not constitute a waiver of the government's ability to later designate the materials as Protected Materials but the government must separately identify and memorialize the changed status of those newly designated materials in writing.  Alternatively, any error in labeling and identifying the Protected Discovery Materials can be corrected through conferral and agreement of the parties as long as the materials are identified and the government memorializes the changed status of those newly designated materials in writing.

criminal history, financial records (which do not implicate third party privacy interests), and Facebook accounts and electronic devices.

"Protected Discovery Material Category 1" and "Protected Discovery Material Category 2" are collectively referred to as "Protected Discovery Materials." The government has requested a protective order limiting the dissemination of this material on the grounds that the safety and identity of confidential informants and/or cooperating witnesses and the privacy interests of third parties may be compromised. The government also asserts that unauthorized disclosure of Protected Discovery Materials may impede ongoing investigations and prosecutions.

Counsel of record for the Defendant (hereinafter referred to as "Defense Counsel") has objected to this Protective Order.

Upon motion of the government, and having found that good cause exists to protect certain materials produced in this case, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the Court **ORDERS** that the parties comply with the following provisions concerning discovery:

**NOW**, it is hereby

**ORDERED**, that all materials provided by the government, whether by production or inspection, in preparation for, or in connection with, any stage of this case (hereinafter "Discovery Material") are subject to this Protective Order ("Order") and may be used by the

Defendant and Defense Counsel solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. This Order does not apply to records that are publicly available independent of the government's productions. Nor does this Order apply to records the Defendant or Defense Counsel come to possess by independent means, unrelated to the discovery process; and it is further

**ORDERED**, that the government shall clearly identify the Protected Discovery Materials covered by this order, including by labeling Protected Discovery Material and designating the category of the protected material; and it is further

**ORDERED**, that the government may produce documents with redactions in order to prevent disclosure of sensitive information, including but not limited to: personally identifiable information ("PII") of individuals other than any of the Defendant, privileged information, law-enforcement-sensitive information, and information that might be used to identify confidential informants, confidential sources, undercover law enforcement, and/or witnesses. Defense Counsel reserves the right to challenge the propriety of the government's redactions; and it is further

**ORDERED**, Protected Discovery Materials must be maintained in the custody and control of Defense Counsel and/or Authorized Persons of the Defense Team. These individuals shall store the Protected Discovery Materials securely with labels that make it clear that the materials are subject to this Order. Electronic copies of the Protected Discovery Materials shall be stored in the same manner; and it is further

**ORDERED**, that the government shall provide to Defense Counsel on an Attorney's Eyes Only basis Protected Discovery Material Category 1 which shall be used only by Defense Counsel solely in connection with pretrial, trial or other proceedings in this action, including any appeals, shall not be disclosed to the public, and shall not be disclosed to third parties outside of the Authorized Persons of the Defense Team[2] by Defense Counsel except as necessary in connection with pretrial proceedings, trial preparation or other proceedings in this action. Authorized Persons shall not take photos or videos of the Protected Discovery Material Category 1; and it is further

**ORDERED,** that Defense Counsel or any Authorized Person shall not make or provide copies, for the Defendant or any third-parties,[3] of the Protected Discovery Materials, and Defense Counsel shall ensure that Defendant and any third party not take photos or videos, or copy or record in any way, the Protected Discovery Materials; and it is further[4]

---

[2] "Authorized Persons" of the Defense Team are defined as those persons or entities employed by Defense Counsel for the purpose of assisting in the defense including and any attorneys, investigators, paralegals, support staff, and expert witnesses who are advising or assisting defense counsel in connection with this case.

[3] Copies of materials which are not protected may be provided to and retained by the Defendant.

[4] The parties may confer and agree on the reduction of characterization of Protected Discovery Materials, i.e., redactions or classification error, etc.

**ORDERED**, that the government shall provide to Defense Counsel an initial "no-contact list," a list of individuals in the Protected Discovery Materials, whom Defendant is not to contact;[5] and it is further

**ORDERED,** that Defense Counsel or any Authorized Person shall not intentionally disclose the name, address, date of birth or physical description of the confidential informants and/or cooperating witnesses to the defendant or intentionally share any identifying information with the defendant from Protected Discovery Materials provided that would enable the defendant to identify the confidential informant and witnesses; and it is further

**ORDERED**, that Defense Counsel or any Authorized Person shall use the Protected Discovery Materials solely for the purposes of pretrial, trial or other proceedings in this action, including any appeals; and it is further

**ORDERED**, that all Discovery Materials including Protected Discovery Materials and Non-Protected Discovery Materials, along with any information derived therefrom, shall not be disclosed to the public, or the news media, or disseminated on any news, internet, or

---

[5] The "no contact" is merely meant to assist defense counsel and the defendant in complying with the terms of this Protective Order. The no-contact is solely to ensure that the defendant (not defense counsel or any Authorized Person) does not seek to influence, coerce or intimidate any cooperating person or relevant party. When the restrictions of the Protected Discovery Materials become modified or relaxed and names and the identities of cooperating individuals become available to Defendant, the terms of this Protective Order apply to those individuals with no further action by the government. If a close family member or relative is listed, the defendant may contact said individual so long as the defendant does not seek to influence, coerce or intimidate that individual concerning this matter. If there is an issue relating to a name on the no-contact, the parties will meet and confer and if no agreement, bring the matter to the attention of the Court.

social media platform without prior authorization of the government or order of the Court; and it is further

**ORDERED**, that the government shall endeavor to provide unredacted Protected Materials to defense counsel as expeditiously and as far in advance of trial as possible.  In the event the government determines that the safety and security of a particular witness requires withholding disclosure of that particular witness's 3500 material and *Giglio*/impeachment information, prior to the Court's deadline for release of 3500 material, the government shall file a motion with the Court for it to consider whether to permit withholding of the particular witness's 3500 material and *Giglio*/impeachment information; and it is further

**ORDERED**, that Defense Counsel must provide a copy of this Order to, and review the terms of this Order with the Defendant, before providing them access to any of the Protected Discovery Materials.  Defense Counsel must obtain a fully executed copy of Attachment A before providing the defendant access to any Protected Discovery Materials, and must file a copy with the Court within three weeks of execution; and it is further

**ORDERED**, that Defense Counsel must provide a copy of this Order to, and review the terms of this Order with, Authorized Persons of the Defense Team, before providing them access to any of the Protected Discovery Materials.  Defense Counsel shall be permitted to share all Protected Discovery Material with any Authorized Person on the Defense Team in this matter provided that each such person be advised of the terms of this protective order; and provided that no potential witness shall be shown the written statement of another witness or provided a verbal summary that indicates which witness is the source of the statement.  By

reviewing the Protective Order and accepting Discovery Materials, the Authorized Person agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violation of the Order; and it is further

**ORDERED,** that in the event that the defendant makes a pre-trial motion *in limine* based upon all Protected Discovery Material Categories provided, or made available, pursuant to this order, such motion *in limine* shall redact any witness identifying information from the publicly filed motion, and unredacted copies of such motion *in limine* shall be provided to the Court and counsel for the government; and it is further

**ORDERED,** that Defense Counsel shall maintain copies of all Protected Discovery Materials in the attorney's file only and shall not provide copies to the defendant or any third parties upon the conclusion of the trial pending any post-trial litigation or appeal; that at the conclusion of this criminal case pending any post-trial litigation or appeal, upon written request by the government, Defense Counsel shall return all Protected Discovery Materials, or confirm destruction of the foregoing materials by letter to the government, except for those documents which are received in evidence; and it is further

**ORDERED,** that the Defendant shall not seek to influence, coerce or intimidate any person so identified, and any such communication shall constitute a violation of this Order; and it is further

**ORDERED,** that the parties shall make a good faith effort to resolve any dispute about a protected designation before requesting the Court's intervention.  The government may

agree to remove or reduce a protected designation without further order of this Court. Whenever the redaction of specified information will resolve the basis for which a protected designation was applied, the government may agree to redaction, and such redaction may render the materials no longer subject to this Order.  Any agreement to reduce or remove a protected designation or to redact specific information shall be memorialized in writing; and it is further

**ORDERED**, that nothing in this Order shall preclude or prejudice Defendant's right to file pre-hearing motions seeking disclosure of Protected Discovery Materials or to modify this stipulated Protective Order by motion to the Court.  Nothing in this Order shall prevent any party from seeking modification of this Order nor prevent the defense from contesting a sensitivity designation.  The parties agree to confer about the modification of the restrictions on the Protected Materials upon the District Court's issue of a trial scheduling order in this case.  The parties explicitly contemplate that the restrictions of this Protective Order will be modified after the issuance of a trial scheduling order to allow the Defendant to prepare for trial.

DATED:        Buffalo, New York, May 19, 2025.


*/s/ Michael J. Roemer*
HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                v.                                    25-CR-31-JLS (MJR)
                                              **(FILED UNDER SEAL)**

ANDRES J. PIZARRO CAMPOS a/k/a Kiki, et al.,

                        Defendants.

_____

**ATTACHMENT A**

**Defendant's Acknowledgment**

       I have read this Protective Order.  I fully understand this Protective Order and will comply with its terms.  I understand that if I am found to have violated any of the terms of this Order, I may be held in contempt of court or be subject to other civil or criminal sanctions.

                                _____
                                  Signature

                                _____
                                  Printed Name

                                _____
                                  Date