**SUPPORTING DEPOSITION**
SEC. 100.20 CPL

STATE OF NEW YORK
COUNTY OF CHAUTAUQUA
CITY OF JAMESTOWN

**JAMESTOWN POLICE DEPARTMENT**
CR# 4083-22

---

On 8/18/26 at 1151 hours I, Alexis Carlson, _____, 201 E 2nd St. Jamestown, NY 14701, 716-483-7537, being duly sworn, deposes and says the following;

On 8/17/26 at 0946 hours I receieved an email from Joshua Violanti requesting information on the above case. I reviewed the case and observed that I was attached to a prisoner transport on 2/22/22 from 204 Hazzard St. at about 0718 hours where I was marked as transporting 1 male from there, to JPD, which I was instructed to do. I then reviewed "Govt Ex. F_Max_Pizzaro_Campos__Int._2_Cam_02-22-2022_7-16-AM.mp4" on Detective Rhineharts laptop. At 0721 (time stamp on the video) hours I observe myself walking into the interview room, turn on the recording, and Max Pizzaro Campos walks in after me and I remove the yellow temporary wrist restraints and we both take a seat in the room.

I advised Max that we would be "hanging out" until the detectives get "here". Since I was advised Max was under arrest, not free to go, it was my job to stay with Max until I was relieved by the Detective Bureau or advised otherwise. Max goes on to tell me that he had a drug problem with "h", otherwise known as heroin, and that he's tried to quit and he believes that may be why "they" broke down the door. Max states he believes his nephews father is the one who called that got him in trouble on that date by making a call. I ask him about marks on his hands due to him talking about his drug addiction and there being obvious marks on his hand and he states it is from shooting up and using drugs.

He talks about his family, he used to live in Florida, would like to go back, his addiction. Max does make mention to possibly having 2 guns in his room and any drugs that he does get are for personal use only. I did not follow up on those comments with any questions as that may have been connected to the search, his arrest and would've required Miranda to have been read. I communicated back with him on some of the other topics and offered him some resources for his addiction that I was aware of at the time. This is not an interview, I was advised to transport him to the interview room and I stayed with him for about 1.5 hour until Detective Hooks took over and I left at 0842 hours (time stamp) 0845 hours on interview room clock.

I was not coached or instructed to talk to him about anything.

He says "nice to meet you", I said "nice talking to you, good luck with everything".

I did not have any knowledge of the search warrant, or raid that was conducted at 204 Hazzard St, or why Pizzaro Campos was taken into custody. He was not Mirandized by me because I was not asking him any questions about the investigation at hand, and communicated with him about questions and topics he brought up. My intentions on that day were to fulfill my duties, which was to transport arrested subject(s) from that location, to JPD and stay with them until relieved or told otherwise.

*NOTICE: False statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law*

AFFIRMED UNDER PENALTY OF PERJURY THIS
18th Day of August, 2026

Deponent Signature

Sgt [signature] 1024

Police Signature and ID#